IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LISA KRANZ, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | SA-18-CV-169-XR |
| § | |
| MIDLAND CREDIT MANAGEMENT, § | |
| INC., et al., § | |
| § | |
| Defendants. § | |

## ORDER

On this date, the Court considered Plaintiffs' motion for voluntarily dismissal (docket no. 73), Defendants' response (docket no. 76), and Plaintiffs' reply (docket no. 83).

## BACKGROUND

This lawsuit is brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Practices Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq*. Docket no. 1. Plaintiffs Jeffrey Taggatz ("Taggatz") and Liza Kranz ("Kranz"), on behalf of themselves and all similarly situated, filed suit on February 19, 2019, complaining of certain letters ("subpoena letters") mailed by Defendants[1] to Plaintiffs in an attempt to collect on previously obtained judgments. *Id.* at 8. Those subpoena letters, Plaintiffs allege, invoked "the power and authority of the State of Texas" and warned that if Plaintiffs failed to "obey [the] subpoena," they "may be punished by fine or contempt or both." *Id.* at 10. Plaintiffs allege these statements are false and were created by a template Defendants used to mail similarly false letters to hundreds of others in Texas. *Id.* at 9.

---

[1] Defendants initially included Midland Credit Management, Inc.; Asset Acceptance, LLC; Encore Capital Group, Inc; a group of "lawyer defendants"; and John and Jane Does 1–100. On March 20, 2020, the parties filed a stipulation of dismissal as to the lawyer defendants. Docket no. 74.

Weeks after Plaintiffs received their subpoena letters, Defendants allegedly sent follow-up letters to Plaintiffs. *Id.* at 12. Plaintiffs claim that these letters falsely implied that the original subpoena letters had the legal force of a proper subpoena. *Id.* at 13. Among other allegations related to these letters, Plaintiffs allege that the follow-up letters stated that Defendants recently sent a "subpoena which requires [Plaintiffs] to appear in-person to provide [their] sworn testimony at a deposition" at a date named in the subpoena letter. *Id.* At this named date, Plaintiffs allege that one or more lawyer defendants was present at a rented office space. *Id.* at 14. But, Plaintiffs assert, these lawyers did not take the promised deposition, and instead handed Plaintiffs and other consumers a "Financial Disclosure Form" and instructed them to answer all questions. *Id.* Plaintiffs allege that "frightened consumers entered into payment agreements with Defendants." *Id.* In total, Plaintiffs brought thirteen claims under the FDCPA, fourteen claims under the TDCA, and a tort claim for unreasonable debt collection. Plaintiffs Taggatz and Kratz defined the class as those who received the same subpoena and follow-up letters. *Id.* at 17. Plaintiffs alleged that there were at least 600 members of the class. *Id.* at 18.

On November 27, 2018, this Court granted Defendants' motion to compel arbitration and dismiss claims with respect to Plaintiff Taggatz. Docket no. 59. Taggatz's individual claims were ordered to arbitration, and his class claims were dismissed. *Id.* at 13. The case remained open pending resolution of Plaintiff Kranz's (hereinafter, "Plaintiff") claims. On November 25, 2019, the Court granted the parties' joint motion for referral to mediation (docket no. 65), which was conducted in two rounds in front of Magistrate Judge Elizabeth Chestney on December 5, 2019 and January 9, 2020. Mediation was unsuccessful. Docket no. 70. After that failed mediation, Plaintiff filed the instant motion to voluntarily dismiss without prejudice. Docket no. 73. In that motion, she seeks an order, on behalf of herself and all others similarly situated, dismissing this

action without prejudice. Further, she seeks for the Court to toll the limitations period "so as to permit [Kranz] to litigate her claims in an action she will commence in a Texas state court." *Id.* at 1. The issues before the Court, then, are (1) whether the voluntary dismissal should be granted, and, (2) if so, what the terms of that dismissal should be, including whether the statute of limitations should be tolled and whether the Court shall impose any other conditions on the dismissal.

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 41 governs dismissal of a civil action at a plaintiff's request. Rule 41(a)(2) provides that after a defendant serves an answer or a motion for summary judgment, and absent the defendant's consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). In general, such "motions for voluntary dismissal should be freely granted," *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002), but "if a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs. Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) (citing 9 C. Wright & Miller, *Federal Practice and Procedure* § 2364 (1971 & supp. 1990)). Dismissal under Rule 41(a)(2) is "within the sound discretion of the court," but "[w]hen considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). The primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).

Factors to consider include whether the party proposes to dismiss a case at a late stage of pretrial proceedings, seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010); *see also Davis v. Huskipower Outdoor Equip. Co.*, 936 F.3d 193, 199 (5th Cir. 1991) ("When a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal."); *Barragan v. General Motors LLC*, No. 5:15-CV-854-DAE, 2017 WL 5197868, at *4 (W.D. Tex. Mar. 13, 2007) (denying motion where defendant introduced affidavit of 684 hours of work valued at $178,639.50). However, the mere fact "that additional expenses will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2) motion to dismiss." *Elbaor*, 279 F.3d at 317 n.3.

If the court finds that unconditionally granting the plaintiff's motion would impose plain legal prejudice on the defendant, "it has two options[:] it can deny the motion outright or it can craft conditions that will cure the prejudice." *Id.* at 317–18. The purpose of such conditions should be to "prevent[] defendants from being unfairly affected by such dismissal." *LeCompte*, 528 F.2d at 604. The court has "a great deal of leeway in crafting conditions to dismissal." *Elbaor*, 279 F.3d at 317. One condition a court may impose is to convert a Rule 41(a)(2) motion to dismiss *without prejudice* by granting that motion *with prejudice*. *Id.* at 320 ("We agree with [other circuits] that Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice."). However, "before requiring a Rule 41(a)(2) dismissal to be with prejudice, a court must allow a plaintiff the opportunity to retract [her] motion to dismiss." *In re FEMA*, 628 F.3d at 163 n.4 (citing *Elbaor*, 279 F.3d at 320).

**II.     Application**

Plaintiff Kranz seeks for the Court to (1) dismiss the action without prejudice and (2) toll the limitations period so that she may commence the same action in a Texas state court where standing requirements are less stringent. Docket no. 73. She alleges that Defendants have refused to assert or abandon their standing challenge and that, though she maintains that she has standing, a dismissal would "avoid the inherent delay and investment of time and expense defending a factual attack on standing." *Id.* at 2. She seeks to litigate the matter in state court "where standing is not limited by the constraints imposed on a federal court under Article III of the Constitution." *Id.* Defendants respond by arguing that voluntary dismissal without prejudice should be denied where, as here, doing so would exact some cognizable prejudice against the defendant. Docket no. 76 at 6. Defendants assert that the stage of the litigation and Plaintiff's insufficient justification for the dismissal warrant denying the motion, but that if the Court does so dismiss, it would be improper for the Court to toll the claims. *Id.* at 8–9. Finally, Defendants argue that if the Court does grant the dismissal but refuses to toll the claims, the Court should condition that dismissal upon payment of all of Defendants' costs and attorney's fees incurred to date. *Id.* at 20–21.

Here, the Court finds that the balance of factors counsels in favor of granting Plaintiff's motion to dismiss but doing so with prejudice. The most apparent "cognizable legal prejudice" to Defendants is the late stage of litigation: this case has been pending before this Court for over two years, and Plaintiff's motion was filed only two months before trial was scheduled to begin. *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (affirming finding of prejudice where plaintiff sought dismissal nine months after suit was filed); *Barragan v. General Motors*, 2017 WL 5197868, at *4 (finding prejudice where case was pending for two years); *Davis*, 936 F.2d at 1999 (finding legal prejudice may exist where "a plaintiff fails to seek dismissal until

5

a late stage of trial"). Further, Defendants have incurred significant costs in defending the action, including responding to over 1,050 discovery requests and attending multiple hearings before this Court and mediation conferences before Magistrate Judge Chestney. *See Davis*, 936 F.2d at 1999 (finding prejudice when plaintiff "filed their motion after months of filing pleadings, attending conferences, and submitting memoranda"); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360–61 (affirming finding of prejudice where plaintiff requested dismissal ten months after removal and where significant discovery had occurred); *Glascock v. Prime Care Seven, L.L.C.*, No. SA-09-CA-334-FB, 2008 WL 2600149, at *2 (W.D. Tex. June 26, 2008) (considering, among other factors, whether the parties have undertaken significant discovery).

Nor has Plaintiff provided an adequate justification for the dismissal. Plaintiff claims that she seeks dismissal so that she may litigate in Texas state court where standing requirements are less stringent than those imposed in federal courts. Docket no. 73 at 1. Plaintiff, in essence, concedes that she seeks the dismissal so that Defendants will be deprived of an affirmative defense—namely, a challenge to Plaintiff's standing. *Elbaor*, 279 F.3d at 318–19; *see also Nieman v. Hale*, No. 3:12-CV-2433, 2015 WL 12463175, at *2 (N.D. Tex. June 18, 2015) ("Legal prejudice will exist when an affirmative defense would be lost."). Nor can it be said that Defendants' "refus[al] to abandon all standing challenges" suffices, docket no. 73 at 2, much less that the Court may "benefit from avoiding the time and expense litigating whether Plaintiff has Article III standing" because standing is a constitutional limitation that is "not subject to waiver." *United States v. Hays*, 515 U.S. 737, 742 (1995). Thus, whether Defendants "abandon all standing challenges," the Court may not proceed unless Plaintiff meets the "irreducible constitutional minimum" of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The standing "constraints imposed on a federal court under Article III" are not new, and Plaintiff faced those

very same requirements when she initially chose to file this case in federal court; she may not now, months before the scheduled trial date, claim that she wishes to seek another forum to avoid those same requirements.

Having found that cognizable legal prejudice will be imposed on Defendants if the Court were to grant the motion—yet also aware that such motions should be "freely granted"—the Court must consider whether any curative conditions may be imposed on the dismissal. Such curative conditions are intended to cure the prejudice to Defendants. *LeCompte*, 528 F.2d at 604. Plaintiff's proposed condition—that the dismissal be without prejudice and that the Court toll the limitations period—is decidedly intended to cure any prejudice *to Plaintiff*, but such is not the purpose behind imposing curative conditions. And in any event, the Fifth Circuit has made clear that a "federal statute of limitations is *not* tolled when the plaintiff files a claim that later is voluntarily dismissed." *Basco v. Am. Gen. Ins. Co.*, 43 F.3d 964, 965–66 (5th Cir. 1994) (emphasis in original); *see also Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir. 1985) ("[T]he effect of [a voluntary dismissal] was to put the plaintiff in the same legal position in which he would have been had he never brought the first suit. The prescriptive period, therefore, is not tolled by the bringing of an action that is later voluntarily dismissed.").

The Court finds it appropriate to grant the motion to dismiss—as the Court must freely do—but the Court also finds that doing so with prejudice is necessary to adequately cure the prejudice to and protect the interests of Defendants. *Elbaor*, 279 F.3d at 320 ("Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice."); *see also F-Star Prop. Mgmt., Inc. v. Continental Cas. Co.*, No. EP-11-CV-56-KC, 2011 WL 13324040, at *1 (W.D. Tex. Nov. 21, 2011) ("[A] court may dismiss the case with prejudice to avoid unfair prejudice."). However, before granting such a dismissal with prejudice,

7

the Court "must allow [Plaintiff] the opportunity to retract [her] motion to dismiss rather than accept the dismissal with prejudice." *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019) (citing *Bell v. Keystone RV Co.*, 628 F.3d 157, 163 n.4 (5th Cir. 2010)); *see also Elbaor*, 279 F.3d at 320.

## CONCLUSION

In sum, the Court finds that Plaintiff's motion to dismiss should be granted with prejudice. However, if Plaintiff wishes to withdraw this motion, she must file a motion to withdraw on or before **Friday, May 22, 2020**.[2] Withdrawal of the motion will result in the case proceeding as scheduled. Defendant's motion for judgment on the pleadings (docket no. 79) remains stayed, as ordered on April 17 (docket no. 82). If Plaintiff chooses to withdraw her motion to dismiss, Defendants are ORDERED to submit a 12(b)(1) motion so that the Court may adequately determine whether Plaintiff has standing. *See* docket no. 82 at 2. Defendants must file this within twenty-one (21) days of Plaintiff's withdrawal of her motion. If Plaintiff does not file a motion to withdraw her motion before May 22, the Court will order the dismissal with prejudice.

It is so ORDERED.

SIGNED this 8th day of May, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] The Fifth Circuit has cautioned that in this scenario "the plaintiff's option to withdraw the motion must be exercised in a timely fashion." *Mortg. Guar. Ins. Co.*, 904 F.3d at 301.